OPINION OF THE COURT
Richard M. Palmer, J.
The attorney for the respondent has made a motion by notice dated October 13, 1980 for an order dismissing the petitions on the ground that section 384-b of the Social Services Law is unconstitutional.
On November 3 the motion was submitted. The attorneys were given leave to submit memoranda of law and the clerk was directed to notify the Attorney-General under CPLR 1012 (subd [b]).
The court has received a memorandum of law from the attorneys for the petitioner with a November 28 affidavit of service and a letter from Assistant Attorney-General Robert J. Schack dated December 15.
The petitions seek orders terminating the rights of the respondent mother on the grounds that she is unable to provide proper care for her children by reason of mental illness and that she has permanently neglected her children. Section 384-b provides the statutory authority for such an order.
*182 The attorney for the mother contends the statute is unconstitutional because (a) termination of a parent’s rights for mental illness violates the due process and equal protection clauses; (b) termination for permanent neglect where a parent is disabled by reason of mental illness violates those clauses; (c) denial to mentally ill parents of the dispositional hearing allowed to neglectful, abusive and permanently neglectful parents is discriminatory; and (d) termination of parental rights in the case of a mentally ill parent without fault violates substantive due process and denies equal protection by applying a distinct standard to such parents.
In his supporting memorandum of law the attorney relies primarily on Matter of Gross (102 Misc 2d 1073; see, also, Matter of Mendes, 104 Misc 2d 357, by the same court).
In the opinion of this court the attack upon the constitutionality of the statute by motion in advance of trial should fail. Many decisions have established the power of the State to deprive a parent of the custody of his or her child where there would be a danger of neglect to the child if the parent were allowed custody. A parent may be deprived of custody for the entire minority of the child. A child who is made a ward of the State may thus be kept in indefinite foster care. Before the enactment in 1973 of former subdivision 7 of section 384 of the Social Services Law (see Matter of Berman [Becky A.H.], 49 AD2d 327), it would have been necessary for the State to prove the danger of neglect once a year.
In 1973 the Legislature determined that it should be unnecessary for the State to prove a danger of neglect annually in cases where it could satisfy the Family Court by clear and convincing proof that “for the foreseeable future” the parent would be unable to provide “proper and adequate care” (Social Services Law, former § 384, subd 7). This determination deprived the parent of the annual opportunity for a hearing on his ability to care for the child, but it did give the child the opportunity to have a permanent home without an annual fear of being uprooted and returned to what in many cases would be a strange and detrimental environment. The Legislature was faced with *183 a choice between the rights of mentally ill parents and the rights of their children. In the opinion of this court the determination made in 1973 was within the constitutional power of the Legislature.
Futhermore, the fact that the parent in cases such as the present one might be said to be free of fault because his conduct which endangers the child is the product of mental illness has not barred the power of the State to deprive him of custody on a temporary basis. If the State could deprive such a parent of custody through annual proceedings, then the State may deprive such a parent who may be free of fault of the custody of his child for all time where the proof is clear and convincing. (Cf. Matter of Vera T., 80 AD2d 511.)
The 1976 re-enactment of the legislation in the form of section 384-b (subd 4, par [c]) of the Social Services Law is equally constitutional.
This court agrees with Judge Marks that there is no constitutional requirement that the proof that a termination of parental rights is in the best interests of the child be at a separate dispositional hearing. (See Matter of Daniel A.D., 106 Misc 2d 370.)
For the reasons given above the various grounds for the motion to dismiss are not accepted.
The clerk will enter a short form order that the motion by the attorney for the respondent is denied.